UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RODGER WILL GRANGER**                    **CIVIL ACTION**

**VERSUS**                                 **NO. 07-3229**

**JAMES A. DUKES, ET AL.**                 **SECTION: "J"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Rodger Will Granger, a Florida prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against James A. Dukes, Charles Forrest, Tina Forrest, and Joyce Marie Bennett Granger Forrest. Plaintiff complains that the defendants fraudulently induced him to relinquish his parental rights and permit his child's adoption.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading the complaint,[1] the Court finds that, for all of the following reasons, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[2]

In this lawsuit, plaintiff has sued his mother, the couple who adopted his child, and the attorney who handled the adoption. Plaintiff argues that the defendants fraudulently induced him to relinquish his parental rights and permit the adoption.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). In the instant case, plaintiff's claims, which relate to a private adoption dispute, implicate no federal constitutional or statutory rights. Moreover, the named defendants are private citizens, not state actors. Accordingly, plaintiff's claims are not cognizable under § 1983.

Further, plaintiff indicates in his complaint that he is additionally bringing this action pursuant to sections 18 U.S.C. §§ 241, 242, and 1622. However, those statutes are provisions of federal *criminal* law. A private citizen may not bring a lawsuit based on those provisions. Pierre v. Guidry, 75 Fed. App'x 300 (5th Cir. 2003); Del Elmer v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997); Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992); Larsen v. Larsen, 671 F. Supp. 718, 719 (D. Utah 1987), aff'd, 781 F.2d 1095 (10th Cir. 1989); Christian Populist Party of Arkansas v. Secretary of State, 650 F. Supp. 1205, 1214 (E.D. Ark. 1987). Moreover, plaintiff has no constitutional right to have the defendants criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Claims brought in a civil action pursuant to such federal criminal provisions are legally frivolous. Pierre, 75 Fed. App'x at 300-01; Figueroa, 810 F. Supp. at 615.

Lastly, the Court further notes that plaintiff's claims also appear to be barred by the Rooker/Feldman[3] doctrine. As the United States Fifth Circuit Court of Appeals has noted:

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

> The Rooker/Feldman doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on judgments. A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review.

United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (footnotes and internal quotation marks omitted). Because plaintiff is essentially seeking to relitigate the state adoption proceedings decided against him in the Louisiana state courts, the Rooker/Feldman doctrine would appear to apply.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of July, 2007.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**